Petition of MARY J. O'BRIEN for a *Habeas Corpus.*

In supplementary proceedings, the judgment debtor's wife may be required to disclose whether she has property of the husband under her control, and may be attached as for a contempt for refusing to answer.

PETITION for a Writ of *Habeas Corpus.*

*Alden S. Sanborn* and *Geo. B. Smith*, for the petitioner:

Husband and wife cannot be witness for or against each other. 3 Wis. 844; 16 id. 235. Supplementary proceedings are a substitute for a creditor's bill. 7 Wis. 643; 11 id. 196. The wife of a defendant in a creditor's bill cannot be examined as a witness in reference to his property, or any matters charged in the bill. 8 Paige, 583; 3 id. 36. The code has not changed the rule. 7 Abb. 3; 15 id. 453; 25 How. Pr. 432; 26 Barb. 612; 3 Wis. 844; 16 id. 235.

*H. W. & D. K. Tenney, contra,* cited 2 Til. & Sh. Pr. 860; 17 Abb. 28; 19 How. Pr. 86; 30 Barb. 506; 37 id. 48; 15 Wis. 240; 16 id. 471; 17 id. 519.

COLE, J. The petitioner, a married woman, was, by an order made by a court commissioner in proceedings supplemental to an execution, required to appear before such commissioner, and answer concerning property belonging to her husband, the judgment debtor, which property it was alleged was in her possession and under her control. She appeared at the time and place appointed in the order, but, upon being required to be sworn and make answer concerning said property, she absolutely refused to be sworn, or to make any answer in the premises. She was then attached for disobeying the order of the commissioner, and was finally adjudged to be guilty of a contempt under the statute. All these

matters appear in the return to the writ.   She now asks
to be discharged, upon the ground that the proceedings
before the commissioner were unauthorized and void.
The principal and only important objection taken to
the proceeding is, that a wife cannot be compelled, in
supplemental proceedings, to disclose whether she has
property belonging to her husband in her possession
and under her control, or not.

It is fully admitted that supplementary proceedings
are a substitute for a creditor's bill under the old prac-
tice.   And, as we understand the former practice, where
the property of the judgment debtor, against whom an
execution had been returned unsatisfied, was in the
actual possession and control of the wife, under circum-
stances that rendered it impossible to reach and obtain
possession of it by a creditor's bill against the husband
alone, a bill might be filed against the husband and wife
jointly, so as to obtain a decree which would reach the
property in her hands, and compel her to deliver it up
for the satisfaction of her husband's debts.   *Copous v.
Kauffman*, 8 Paige, 584.   And we suppose the plaintiff
in such a case might, by special order, demand a sepa-
rate answer of the wife.   True, her answer could not be
read against her husband.   But she would be required
to state whether she had in her possession, and actually
under her control, property which belonged to her hus-
band.   And the answer would of course be good as
against her ; and if it appeared that she had such prop-
erty, could she not be compelled to deliver it up to the
creditors of the husband ?   The chancellor says, in
*Copous v. Kauffman*, that he is not prepared to say
that a bill in chancery might not be so framed as to
reach that case ; thus impliedly sanctioning the doctrine
that she might be compelled to deliver it up.

We think the petitioner can be required to answer
whether she has property belonging to her husband in
her possession and under her control.

The petitioner must be remanded to the custody of the sheriff.

*By the Court.* — So ordered.