THOMPSON v. SILVERS, HOFFMAN ET AL.

1. **Practice**: GARNISHMENT: EXAMINATION OF GARNISHEE IN COURT.
   A garnishee who has answered the statutory questions propounded by
   the sheriff may, if properly notified so to do, be compelled under the
   statute to appear before the court or a referee, and submit to a further
   examination.

2. ——: ——: HUSBAND AND WIFE: EVIDENCE. A wife who is gar-
   nished on execution against her husband is not excused from answering
   questions as to whether she is indebted to her husband, or has money or
   property belonging to him.

3. ——: ——: REFUSAL TO ANSWER. Where garnishee, after answer-
   ing the statutory questions propounded by the sheriff, was summoned
   before a referee for further examination, and she appeared but refused
   to answer, the plaintiff may, under § 2984 of the Code, have been enti-
   tled to judgment against her; but since he did not then move for such
   judgment, or having moved, did not insist upon a ruling on his motion,
   but procured an order for her appearance in court for further examina-
   tion, *held* that, after such order, she had a right to assume that no judg-
   ment could be entered against her until such examination had been

completed, and such facts had been elicited therefrom as would sustain the judgment. Also *held* that, upon an appeal to this court from the ruling of the court below, excusing the garnishee from answering further, judgment cannot be rendered here against her, although the rulings of the court below are reversed.

4. **Practice in Supreme Court:** ABSTRACT: BILL OF EXCEPTIONS. Where appellant's abstract contains matter which it could not properly contain unless a bill of exceptions had been filed by him, this court will regard the appellant as claiming that such bill of exceptions was filed, and the abstract will not be stricken from the record on appellee's motion, simply because it does not state that a bill of exceptions was filed. If in fact no such bill was filed, appellee should have taken advantage of the omission by setting it up in an additional abstract.

*Appeal from Ringgold District Court.*

SATURDAY, OCTOBER 21.

THIS is a proceeding in garnishment against the defendant, M. A. Hoffman. The plaintiff holds a judgment against the defendant, John N. Hoffman, a member of the firm of Silvers & Hoffman. Upon his judgment he caused execution to issue, and caused M. A. Hoffman, wife of John N. Hoffman, to be garnished. The statutory questions were propounded to her by the sheriff, all of which she answered in the negative. Afterward a referee was appointed to examine her further. She appeared before the referee and answered one question, stating in substance that she was not indebted to the execution defendant. The referee then proceeded to interrogate her specifically concerning certain real and personal property, but she refused to make further answers, and the referee so reported to the court. The plaintiff then moved for an order requiring her to answer, and the court ruled that she be brought into court, and fixed a day for her examination. On the day fixed she appeared and the plaintiff by his counsel proceeded to interrogate her, but, under the advice and objections of her counsel, she refused to answer, and the court ruled that the objections were well taken, and discharged her

from making further answers, and discharged her as garnishee, to all which the plaintiff excepted. He now appeals.

*Whiffin & Brown*, for appellant.

*Keller & Spence* and *Askren*, for appellee.

ADAMS, J.—The objections interposed by the appellee's counsel were that she had already answered the statutory

1. PRACTICE. garnishment: examination of garnishee in court.

questions, and that the testimony sought to be elicited was against her husband, the execution defendant.

In our opinion neither of the objections was well taken. The statute expressly provides for the additional examination by the court after the garnishee has answered the statutory questions to the sheriff, if the plaintiff notifies the garnishee to appear in court for that purpose. The garnishee in this case was not only notified at the time of the garnishment to appear, but was afterward expressly ordered to do so by the court. Without any question, we think the plaintiff was not precluded, by the fact that the garnishee made answers to the sheriff, from prosecuting the examination further if he saw fit.

We come then to consider whether the garnishee was exempt from answering because her answers, if they had dis-

2. ——: ——: husband and wife: evidence.

closed an indebtedness to her husband, or property in her hands belonging to her husband, would have been testimony against him. It would not be contended, of course, if her answers had been unfavorable to the plaintiff, that they would have been testimony against her husband. The objection must be deemed to be predicated upon the theory that her answers might have been favorable to the plaintiff, and such as would have justified the court in charging her as garnishee. We have then to determine whether such a result would have been against the execution debtor's interest To hold that it would, would be to hold that

it is his interest to be allowed to conceal his property and thereby evade the payment of his just debts. Now the law, we think, does not recognize that such is his interest. The debtor ought to use all his property which is not exempt, in the payment of his debts, and the law cannot recognize that to be his interest which is not right. We may assume, indeed, that the execution debtor desires that the garnishee should be charged if the facts are such as to justify it. He sustains no adversary relation in this proceeding.

We think that the case must be remanded for a further examination of the garnishee if the plaintiff sees fit to make it. The only doubt we have is as to whether we ought not to go further and direct that, without examination, judgment should be rendered against her for the amount of the plaintiff's claim. The plaintiff insists that we should, because it appears that, after the garnishee refused to make full answers to the referee, he moved for judgment, basing his motion upon the fact of such refusal. He calls our attention to § 2984 of the Code, which provides that if the garnishee, when duly summoned and his fees tendered when demanded, fail to appear and answer the interrogatories propounded to him, without sufficient excuse for his delinquency, he shall be presumed to be indebted to the defendant to the full amount of the plaintiff's demands, and shall be dealt with accordingly. Now, while the garnishee did not fail to appear before the referee, she did fail to answer and, as the referee stood in the place of the court, fully authorized to take her answers, we are not prepared to say that she did not by reason of her failure become liable. If the plaintiff had simply stood upon his right to a judgment, we might have felt constrained to hold that he was entitled to it. But without taking any ruling upon his motion he proceeded to obtain, and did obtain, an order for her appearance in court, and proceeded to make an examination of her in court. Now, from the time such order was served upon her, we think that she had a right to assume that no judgment could be

rendered against her until such examination had been had. The order was based upon the theory that, if her examination in court should fail to disclose any indebtedness upon her part, or property in her hands, she would be entitled to be discharged. The plaintiff, after proceeding upon such theory, cannot, we think, be allowed to insist that she was in no event entitled to be discharged. He has, by taking the order and proceeding under it, made considerable cost. He cannot now, we think, be permitted to say that he is entitled to judgment, regardless of the result of the proceedings in which such costs have been made. We think he must abide by their result.

The conclusion reached in this case requires us to rule upon a motion filed by the appellees. They moved to strike

1. PRACTICE in supreme court: abstract: bill of exceptions. the appellant's abstract, stating as grounds therefor that it shows that no bill of exception was filed. Without denying that, if the abstract showed affirmatively that no bill of exceptions was filed, the motion should be sustained, we have to say that it simply fails to show that one was filed. The question presented then is as to whether we are justified in assuming that one was filed.

The appellant cannot of course properly show to us what was not made of record. When, therefore, the abstract contains matter which it could not properly contain unless made of record, we must, we think, regard the appellant as claiming that it was made of record. If so, a direct statement to that effect by him is not necessary.

The general practice, it is true, has been to make such statement in the abstract, but the practice has not by any means been invariable in this respect. Such statement is often omitted. Yet the question is now raised, we believe for the first time, as to whether the abstract should be stricken from the files for want of such statement, there being no claim or pretense on the part of the appellee that the record is in fact defective.

It appears to us that the appellees in this case have no good ground of complaint, unless the fact is that no bill of

exceptions was filed, and, if such is the fact, they could easily have taken advantage of it by setting it up in an additional abstract; and such, we think, would have been the correct practice. The motion must be overruled and the judgment.

REVERSED.

ROTHROCK, J.—I concur in the result reached in the foregoing opinion, but prefer to put the case upon the single ground that the proceeding in garnishment is against the wife alone, and the husband is not a proper party to be joined with her. When she was called upon to answer as garnishee her answers, whatever they might be, would not be against her husband, but against herself. It seems to us that the opinion, impliedly at least, concedes that a wife may be put upon the stand as a witness by a party opposed to the husband and examined as a witness. Where the husband is a party in the sense that her testimony may be against him, the law will not allow her to be called and examined as a witness; no matter what her testimony may be, she is disqualified as a witness unless called by her husband. Code, § 3641.