## JONES LUMBER & MERCANTILE CO. v. FARIS.

1. Where appellant's abstract contains matter, and upon it presents questions for review; which matter could only be presented by a bill of exceptions or statement, and which questions could only properly be presented after a motion for a new trial in the court below, and respondent files no additional abstract denying that a bill of exceptions or statement was settled or motion for a new trial made, the abstract will be considered in this court as claiming that a bill or statement was settled, and motion for new trial made.

2. In such case a motion to strike out such portions of the abstract as purports to show the proceedings of the trial, on the ground that the abstract does not specifically state that a statement or bill was duly settled and a motion for new trial made, will be denied.

3.  Errors of law occurring at the trial, and duly excepted to, may be reviewed in this court when presented by a proper bill or statement, on appeal from the judgment, although no motion for a new trial was made in the court below.

(Syllabus by the Court.  Opinion filed April 26, 1894.)

Appeal from circuit court, Edmunds county.  Hon. H. G. FULLER, Judge.

The respondent moves to strike out certain portions of appellant's abstract.  Motion denied.

The facts are fully stated in the opinion.

*L. W. Crofoot* and *Dudley P. Wayne*, for appellant.

*C. H. Barron* and *Albert Gunderson*, for respondent.

KELLAM, J.  This case is now before us on respondent's motion to strike from appellant's abstract all that purports to show the proceedings before the trial court, upon the following grounds: "(1) As appears from said abstract, no motion for a new trial was made by appellant to the lower court. (2) No bill of exception as appears from said abstract, was settled in this cause. (3) The notice of appeal served by appellant does not require or demand a review of an order denying a motion for a new trial, or a review of the evidence or rulings of the court."

A motion for a new trial is not a prerequisite to an appeal, so that it is not jurisdictional.  Where there is no such motion, this court will not review the question of the sufficiency of the evidence to support the verdict.  Pierce v. Manning (S. D.) 51 N. W. 332; Evenson v. Webster, (S. D.) 53 N. W. 747.  While it is a better and more correct practice for the abstract to show specifically the fact that a motion was so made and denied, still, where the appellant, by the matters stated in his abstract, and by his asssignment of errors, presents for review questions which could not properly be presented unless such motion had been made, and the respondent does not dispute the fact that a motion was actually made and denied by the trial court, this court will consider appellant's abstract as claiming that it was made.  If respondent desires to raise the question

that no motion was in fact made, he should do it by an additional abstract. A motion to strike out portions of appellant's abstract, on the ground that it is not specifically stated therein that a motion for a new trial was made and denied, will be refused.

The motion, so far as it rests on the second ground, will be disposed of on the same theory, with the further suggestion that in this case that portion of the abstract which it is sought to have eliminated is distinctly headed "Bill of Exceptions." While it is not catagorically alleged that a bill was duly settled or that what is stated in the abstract is taken from such a bill, such is the plain intendment, and it will be considered to be so claimed by the abstract. If respondent desires to make the point that no bill was settled, he should do so by an additional abstract. Thompson v. Silvers, 59 Iowa 670, 13 N. W. 854, fully supports these conclusions.

The third ground upon which this motion is based is that, the appeal not being from an order denying a motion for a new trial, but simply from the judgment, this court, on such appeal cannot review either the evidence, as to its sufficiency to support the verdict, or the rulings of the court upon the admission or rejection of evidence. Our statute and that of California are the same as to the grounds for a motion for a new trial, and the relation of such motion to the subsequent proceeding of appeal. In Brown v. Tolles, 7 Cal. 398, the supreme court of that state held that, while the facts of a case would not be reviewed unless a new trial had been demanded in the court below, yet errors in law occurring at the trial would be reviewed, although no motion for a new trial had been made in the trial court. This ruling was approved and reiterated in Carpentier v. Williamson, 25 Cal. 167, where SAWYER, J., speaking for the court said: "The respondents now insist that the court cannot consider on this appeal the error relied on, for the reason that the appellant assigned the same error on a motion for a new trial which was decided against him, and, not having appealed from

the order denying a new trial, he is concluded by that ruling. We think there is no force in that objections. An error of law in admitting or rejecting testimony is subject reviewed on appeal from the judgment, when the ruling is to be made a part of the record by a bill of exceptions or by a statement on appeal It is true the same error may also be reviewed on appeal from an order denying a new trial. But the two modes are independent from each other." Later, in Caldwell v. Parks, 47 Cal. 640, the same rule was recognized, the court holding that a party relying on errors in law for the reversal of a judgment was not compelled to resort to a motion for a new trial before he could present such errors for review to the appellate court. See, also, Hayne's New Trial and Appeal (Section 100) where it is stated that, under the California practice, motion for new trial and appeal from the judgment are concurrent remedies for the review of errors occurring at the trial and duly excepted to. In Ohio, whose statute governing new trials is substantially the same as ours, it is held that errors of law, occurring at the trial, and duly excepted to, may be reviewed in the supreme court without a motion for a new trial. Earp v. Railroad Co., 12 Ohio St. 621. We are aware that in some other states having statutes similar to ours, notably Indiana and Nebraska, a contrary rule prevails. The question being one of practice only, and our procedure in respect to taking and saving exceptions, and making a record for use on appeal, being so nearly identical with that of California, we are of the opinion that we shall do better to settle the question for this jurisdiction in line with the practice and authorities of that state. And we accordingly hold, without discussing the merits or advantages of either ruling, or comparing the two, that errors of law occurring at the trial and duly excepted to, may be reviewed in this court, when presented by a proper record, although no motion for a new trial was made in the court below. The motion of respondent is denied, with leave to him to file and serve printed briefs within 40 days, if he so desire; the case then to be argued or submitted as of this term.

FULLER, J., did not participate in the decision of this motion.