V. S. WARD v. DICKSON BROTHERS, JOHN H. DICKSON AND ROBERT DICKSON, Appellants.

**Practice.** There is no inconsistency in the fact that the court sustains a motion to direct for plaintiff after all the evidence is in, though it overruled it at the close of defendant's testimony.

HUSBAND AND WIFE. Where a wife sues on a promissory note, the husband cannot be made a witness by defendant. Code, 3641.

EVIDENCE asking a witness to state "whether you did sell him those notes or not" calls for a conclusion where the sale of the notes is the point in issue.

*Examination.* The fact that a witness states that he forgot a transaction till he heard W. speak of it does not warrant his being asked what W. said about it.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, JANUARY 24, 1896.

Plaintiff brings this action to charge the defendants as indorsers of two promissory notes executed to them by one F. M. Bisbee, and indorsed by them before maturity to the Hartley State Bank, by indorsement as follows: "Pay Hartley State Bank or order. I waive demand of payment and notice of nonpayment, and guaranty payment of this note at maturity, with a reasonable attorney's fee. if collected by suit. [Signed] Dickson Bros." Upon each of the notes appeared this further indorsement: "Pay M. Byers, without recourse. [Signed] Walter P. Reed." Plaintiff alleges that, "at the request of the defendant F. M. Bisbee, one M. Byers paid to the Hartley State Bank the amount due on said notes and took up and held the same as a purchaser thereof; that, at the time of said purchase, the Hartley State Bank indorsed said note to Walter P. Ward erroneously, who immediately indorsed the same over to M. Byers; that said M. Byers duly assigned said notes to plaintiff by delivery thereof, for value." F. M. Bisbee was made a party defendant, but was not served with notice and did not appear. Plaintiff alleges that Bisbee is insolvent, and asks judgment against defendant firm, Dickson Bros., and the members thereof, for three hundred and eighty-five dollars and fifty-eight cents, with interest, costs, and attorney's fee. The defendants answered, admitting the execution and indorsement of said notes as alleged. "They deny that said notes were ever sold by the Hartley State Bank to M. Byers, or to any one else, but allege that at the time of the alleged sale to M. Byers, the said notes were by said Bisbee paid in full to the Hartley State Bank, and that there was no thought or intention of selling the notes to said Byers or to Ward, or to any one." They set up a further defense that is not involved in the questions presented on this

appeal, and need not be further noticed. The defendants having the affirmative, the plaintiff moved, at the close of their evidence, for a verdict, upon the ground that the defendants have failed to substantiate their defense of payment of said notes to the Hartley State Bank, but show a transfer of the notes by said bank to Walter P. Ward. This motion was overruled, whereupon evidence was introduced on behalf of the plaintiff. At the close of all the evidence, the plaintiff renewed said motion, and it was sustained, and a verdict and judgment rendered accordingly. Defendants appeal.—*Affirmed.*

*Boies & Roth* for appellants.

*Ward & Cornwall* and *Milt. H. Allen* for appellee.

Given, J.—I. Appellants' first contention is that the court erred in sustaining appellee's motion for a verdict. The controlling issue was whether the transaction between the Hartley State Bank and W. P. Ward was a payment or purchase of the notes in suit. In sustaining plaintiff's motion, the court said: "The evidence on the part of the plaintiff and the defendants shows conclusively that the notes were transferred, and not paid; and for that reason the court will sustain the motion, and instruct the jury to return a verdict for the plaintiff." We will not set out the evidence. It is enough to say that we have examined it with care, and are of the opinion that it fully sustains the conclusion reached by the learned district judge. In the first ruling upon the motion, the court remarked that, with the evidence as it then was, the motion should be overruled. "I think there is enough there on that question to go to the jury." It is urged in argument that these rulings were inconsistent, and that the former was the correct ruling. Additional evidence was introduced after the

first ruling, some of which had a very direct and important bearing upon this question, and, as we have said, in our opinion fully sustained the conclusion reached. We think there was no error in directing the verdict.

II. Walter P. Ward, husband of the plaintiff, and the person to whom it is alleged the notes in suit were indorsed by the bank, was called as a witness for the defendants. Objection was made by plaintiff to the competency of the witness, "the plaintiff being the wife of the witness," which objection was sustained, and of which ruling appellants complain. Section 3641 of the Code declares .the general rule that "neither husband nor wife shall in any case be a witness against the other." Two exceptions* to this rule are named in the section, but this case does not come within either. *Thompson v. Silvers*, 59 Iowa, 670 (13 N. W. Rep. 854), is cited, wherein "it was held that Mrs. Silvers might be examined as garnishee upon an execution against her husband, because her answers, if they should be such as were sought to be elicited, would not be against him." Counsel urge the hardship that must result from this rule of the statute. In *Stephenson v. Cook*, 64 Iowa, 265 (20 N. W. Rep. 182), we find this language: "It is said that an exception ought to be ingrafted upon the statute, and that is that the husband may be allowed to testify against his wife, if the testimony is against himself also. To this we have to say that we find no warrant for such rule. The statute expressly makes two exceptions, and excludes all others by as plain language as could be used." This seems to us to fully answer appellants' contention on this subject. We think there was no error in the ruling.

*The exceptions are: "Except in a criminal prosecution for a crime committed one against the other, or in a civil action or proceeding one against the other."—REPORTER.

III.  Mr. Patch, president of the bank, and who transacted the business under consideration, after testifying in detail as to the transaction, was asked to state "whether you did sell him these notes or not." Plaintiff objected as incompetent, irrelevant, immaterial, and as tending to contradict the terms of a written instrument by parol evidence.  The objection was sustained, and appellants assign the ruling as error.  We think the ruling was correct, as the question simply called for the conclusion of the witness upon the very matter in issue, namely, whether there had been a sale of the notes. Appellant cites *Optical Co. v. Treat* (Mich.) (40 N. W. Rep. 912), wherein the statement of the witness that he had sold the goods to the defendant for the price named was held to have been improperly stricken out, the court saying: "The testimony should have been allowed to stand.  The sale was not contested."  Mr. Patch was asked what Ward said to him on the day of the transaction with the bank about its being necessary for him to raise a portion of the money before he could pay for the notes.  Mr. Patch answered: "I am not clear on that.  It has passed wholly from my memory if there was anything said until Mr. Ward spoke this morning, I believe, about not having quite enough."  He was then asked: "What did he say this morning about that?"  To this plaintiff objected as incompetent, immaterial, irrelevant, and not proper rebutting testimony.  It does not appear that any ruling was made upon the objection, but, assuming that it was sustained, there was no error in the ruling.  What was said by Mr. Ward "this morning" was only mentioned as having refreshed the recollection of the witness.

We discover no error in either of the respects complained of, and the judgment of the district court is therefore *affirmed.*