[No. 2906. Decided January 6, 1899.]

ALEXANDER FRANKENTHAL *et al., Appellants,* v. SOL. SOLOMONSON, *Respondent.*

SUPPLEMENTARY PROCEEDINGS AGAINST WIFE—EXAMINATION WITHOUT HUSBAND'S CONSENT.

In proceedings supplementary to execution, brought against the wife of a judgment debtor to discover if she have property belonging to him in her possession, the wife may be examined without the consent of the husband, as he is not a party to the proceeding, and the case, consequently, does not fall within Code Proc., § 1649 (Bal. Code, § 5994), which provides that a wife shall not be examined for or against her husband without his consent.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

*Stoll & Macdonald,* for appellants.

*Adolph Munter,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—On June 21, 1897, the plaintiffs and appellants herein recovered a judgment in the superior court of Spokane county against one Sol. Solomonson for the sum of $1,315.45 and costs. Execution was issued thereon, placed in the hands of the sheriff of the county, and by him returned wholly unsatisfied. Thereafter the plaintiffs instituted this proceeding against Sarah Solomonson, wife of the said judgment debtor, under an act of the legislature approved March 15, 1893, entitled, "An act relating to proceedings supplemental to execution," Laws 1893, p. 435. Section 3 of that act (Bal. Code, § 5314) provides that

" Upon proof by affidavit or otherwise, to the satisfaction of the judge, that execution has been issued as pre-

scribed by section 1 of this act, and also that any person or corporation has personal property of the judgment debtor of the value of twenty-five dollars or over, or is indebted to him in said amount, the judge may make an order requiring such person or corporation, or an officer thereof, to appear at a specified time and place before him, or a referee appointed by him, and answer concerning the same."

In accordance with this section, an affidavit was filed on behalf of the plaintiffs, setting forth the rendition of the judgment against said Sol. Solomonson, the issuance and return of the execution, and that the defendant Sarah Solomonson had in her possession or under her control personal property of the value of twenty-five dollars and more, and other property, all of which is the separate property of said Sol. Solomonson, and is held in the possession and under the control of said Sarah Solomonson for the purpose of preventing the collection and satisfaction of said judgment and execution. On motion of plaintiffs, the court issued an order directing the said Sarah Solomonson to appear before the court at a time and place designated, then and there to be examined touching what property, if any, she had or controlled and which was the separate property of said Sol. Solomonson, or in which he had some separate interest. She appeared at the time and place designated, and, the matter coming on to be heard, the said Sol. Solomonson objected to her being examined, upon the ground that a wife may not be examined for or against her husband without his consent. The consideration of this objection was taken under advisement by the court, and thereafter sustained, and judgment was entered dismissing the proceedings. To these rulings of the court the plaintiffs duly excepted, and the cause is now here upon appeal; and the only question to be determined is whether the court erred in sustaining the objection and dismissing the proceeding.

It is claimed by the respondent that the action of the court was fully justified by § 1649 of the Code of Procedure (2 Hill's Code, Bal. Code, § 5994), which reads as follows:

"A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either, during marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during marriage."

It is insisted by the learned counsel for the respondent that this law is based upon higher ground than that invoked by appellants, namely, that of preventing the suppression of truth, or the failure of justice in particular cases. And, as an expression of his position, counsel cites us to the declarations of Chancellor Kent and of Lord Coke. "The husband and wife," says Chancellor Kent, "cannot be witnesses for or against each other. This is a settled principle of law and equity, and it is founded as well on the interest of the parties being the same, as on public policy. The foundations of society would be shaken, according to the strong language in one of the cases." 2 Kent's Commentaries, 178-179. And Lord Coke says: "It has been resolved that a wife cannot be produced against her husband, as it may be the means of implacable discord and dissension between them and the means of great inconvenience." Coke on Littleton, 6 b. It must be borne in mind, however, that both Chancellor Kent and Lord Coke were speaking of the rule at common law. The rule that excluded husband and wife from testifying for or against each other was adopted at a very early day in England, and at a time when husband and wife were in law one person, and when no party to an action was a competent witness because of his interest therein. But this rule of common law has been changed by legislation in

this and almost every other state, and the interest of a
party in an action is no longer a disqualification as a
witness.    And our law makers manifestly concluded that
public policy should not alone prevent a husband or wife
from testifying for or against each other.    Under the
statute above quoted, either may be a witness for or against
the other by the consent of that other; and it can hardly be
said that that is public policy, as the term is ordinarily
understood, and therefore beneficial to the public at large,
which depends exclusively upon the will or caprice of a
particular individual.    Counsel for the respondent also
cites the following cases as sustaining his contention that
the defendant, Mrs. Solomonson, was not a competent wit-
ness in this proceeding:    *Berles v. Adsit,* 102 Mich. 495
(60 N. W. 967); *De Farges v. Ryland,* 87 Va. 404 (12
S. E. 805, 24 Am. St. Rep. 659); *Niland v. Kalish,* 37
Neb. 47 (55 N. W. 295); *Wolford v. Farnham,* 44 Minn.
159 (46 N. W. 295); *Macondray v. Wardle,* 26 Barb.
612; *White v. Stafford,* 38 Barb. 419.

But an examination of these authorities will disclose
that they are cases in which both the husband and wife
were parties, and in which the plaintiff called either the
one or the other as a witness; and neither of the cases in-
volved a proceeding in any wise like the present, except
the Michigan case, in which a wife was cited as garnishee
in an action pending against her husband, and in which it
was held that she could not be compelled to testify over her
husband's objection.    The rule contended for by respond-
ent here was properly applied in those cases.    But this is
an entirely different proceeding.    Here the husband is not
a party, and, we think, it may be said, is not interested in
such a sense as to preclude the examination of the wife as
a witness for the plaintiff.    Mr. Freeman, speaking of
supplemental proceedings, says that a defendant is not
entitled to notice of a proceeding of this character against

his creditor; nor is he a party thereto in such a sense as entitles him to interfere therewith, or to conduct the defense of the party cited. 2 Freeman, Executions (2d ed.), § 411. See, also, *Gibson v. Haggerty,* 37 N. Y. 555 (97 Am. Dec. 752), and *Jones v. Roberts,* 60 N. H. 216. In the case last cited, it was held that a wife may be charged as trustee of her husband, and that the latter has no such necessary interest in the controversy between the plaintiff and the trustee as to make him the adverse party within the meaning of the statute. It appears that in some jurisdictions a writ of garnishment may be issued either before or after judgment, and, in considering the nature of such proceeding, Mr. Shinn observes that—

"It may be stated, as a rule, that in states where garnishment is not issued until after the creditor obtains judgment against his debtor, then the proceeding by garnishment against a person indebted to the judgment debtor is a new suit to which the creditor is plaintiff and the garnishee, the defendant, brought into court by the process. It is governed by the general rules applicable to other suits, and to this suit a judgment debtor is a stranger." 2 Shinn, Attachment, § 469.

While in this state a proceeding after judgment is not denominated a garnishment, the principle involved is the same; and it would appear from the quotation from this learned author and the authorities therein referred to that the judgment debtor is a mere stranger to this proceeding against his wife. It follows, therefore, that, whatever the testimony of Mrs. Solomonson might have been, it would have been neither for or against her husband, but for or against herself. If the husband had been called as a witness by the plaintiff, a different question would have been presented. In a proceeding like this, the supreme court of Wisconsin, in *In Re O'Brien,* 24 Wis. 547, decided that the judgment debtor's wife may be required to disclose whether she has property of her hus-

band's under her control, and may be attached as for a contempt for refusing to answer. At that time the statute of Wisconsin, like ours, permitted parties other than the judgment debtor to be examined in supplementary proceedings. The law was subsequently changed so as to restrict the proceeding to the judgment debtor alone; and the supreme court of the state, in *Blabon v. Gilchrist,* 67 Wis. 38, held that, under the new law, the husband was not a competent witness against the wife, who was the judgment debtor. There is nothing in this latter case inconsistent with the former. In New York it was held, at a special term of the supreme court, that the wife of a judgment debtor may be examined under § 294 of the Code, which authorizes the examination of third persons alleged to have property belonging to the judgment debtor. *Lockwood v. Worstell,* 15 Abb. Pr. 430, note. The same doctrine was announced in *Thompson v. Silvers,* 59 Iowa, 670 (13 N. W. 854), by the supreme court of Iowa, and is approved by Mr. Waples in his work on Attachment and Garnishment (2d ed.), §§ 949, 950. See, also, 2 Wade, Attachment, § 350; Rood, Garnishment, § 41.

It seems to us that this rule is both reasonable and just, and not inconsistent with our statute. Any other rule would permit a debtor to put all of his personal property in the hands of his wife, and thereby relieve himself from the payment of his honest debts, though abundantly able to pay them.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

SCOTT, C. J., and GORDON, DUNBAR and REAVIS, JJ., concur.