DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 7525. Decided June 30, 1909.]

JEROME BELKNAP, *Respondent*, v. PERRY E. PLATTER *et al.*, *Appellants*.[1]

WITNESSES—PRIVILEGE—HUSBAND AND WIFE—COMMUNITY DEBT. Bal. Code, § 5994, providing that a husband shall not testify against a wife without her consent, has no application to supplemental proceedings on a judgment for the community debt of the husband and wife.

EXECUTION—SUPPLEMENTAL PROCEEDINGS—ORDER. In supplemental proceedings, where money is disclosed applicable to the judgment, it is not prejudicial error that the order required its payment to the clerk of court rather than to the sheriff.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered March 20, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in proceedings supplemental to execution. Affirmed.

*Martin & Wilson*, for appellants.

*Neal, Sessions & Myers*, for respondent.

CROW, J.—This action was originally commenced by James Belknap, against Perry E. Platter and Morva O. Platter, husband and wife, to foreclose a mortgage on land in Lincoln county. After foreclosure decree and sale, the plaintiff still

[1] Reported in 103 Pac. 432.

held a deficiency judgment for $1,161.35 against both of the
defendants. Upon this judgment he caused an execution to
issue to the sheriff of Lincoln county, which was returned
*nulla bona.* Thereupon he instituted proceedings supple-
mental to execution, against both defendants, in which he
obtained an order directing the defendant Perry E. Platter
to pay to the clerk of the superior court a sufficient sum to
satisfy the judgment. The defendants have appealed.

The appellants have presented numerous assignments of
error, all of which we find to be devoid of merit, and none of
which can be sustained. As a number of the questions dis-
cussed in their brief were not submitted to the trial court,
we will consider only such as were presented there. The ap-
pellants were served in Chelan county with notice of the sup-
plemental proceedings and citation to appear. They ap-
peared specially and moved their discharge, for the reason
that the Lincoln county court was without jurisdiction. In
support of their motion they contended that they were resi-
dents of Chelan county, and that proceedings supplemental
to execution could not be instituted or prosecuted against
them in the superior court of Lincoln county. The evidence
shows that they were residents of Lincoln county. The mo-
tion was properly denied.

When the cause came on for hearing upon the merits, the
respondent called the appellant Perry E. Platter for exami-
nation, and was about to interrogate him as to property or
money in his possession, which he unjustly refused to apply
to the satisfaction of the judgment, when the appellant
Morva O. Platter interposed an objection, contending that
her husband could not be examined as a witness against her
without her consent. The objection was overruled, and there-
upon the appellant Perry E. Platter, in part, testified as
follows:

"Q. What property have you, Mr. Platter, at the present
time? A. That is, you mean in money or real estate? Q.
Any property. A. I have no real estate. Q. What other

property? A. I have some money. . . . Q. How much money have you? A. Well, I have about four thousand dollars. . . . Q. You had never intended to apply it on this judgment if you could avoid it? A. No, sir."

Other testimony given by him shows that the money mentioned was community property not exempt from execution. No other witness was called by either party, and the trial court thereupon entered an order requiring the appellant Perry E. Platter to pay to the clerk of the superior court of Lincoln county the entire amount due respondent upon his judgment.

Appellants' controlling assignment of error, and the one upon which they evidently rely for a reversal, is that the trial court erred in requiring the appellant Perry E. Platter to be examined as a witness against his wife and without her consent. In support thereof they cite Bal. Code, § 5994 (P. C. § 940), which reads as follows:

"The following persons shall not be examined as witnesses: "(1) A husband shall not be examined for or against his wife without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor shall either, during marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other; . . ."

Appellants also cite *Frankenthal v. Solomonson*, 20 Wash. 460, 55 Pac. 754, 72 Am. St. 116, 41 L. R. A. 311, relying upon certain expressions appearing in the opinion. The facts in that case are not parallel or similar to those involved in this action. There judgment for a separate debt had been entered against the husband, and supplemental proceedings were prosecuted against the wife who was being examined as a garnishee. Here a community personal judgment has been entered against both spouses, parties to the action. If, under the facts shown in the *Frankenthal* case, the statute was

not violated when the wife was required to testify without her husband's consent, we fail to understand how it was violated by requiring the appellant Perry E. Platter to testify in this cause. The community is a necessary party to this action, in which its creditor is seeking the collection of a community debt. Although as individual members of such community, the husband and wife were both made parties, the action was nevertheless against the community as such. The creditor is endeavoring to subject its property to the payment of his claim. He could not judicially establish such claim as a community obligation without proceeding against the husband and wife. He has thus obtained a community judgment, and if the wife is now entitled to object to an examination of her husband, in proceedings supplemental to the execution, instituted to subject the community property to the payment of such judgment, there is no good reason why the husband might not successfully object to her examination in the same proceedings. Neither party could then, upon such an examination, be required to disclose property fraudulently concealed by him or her. Such a construction of § 5994 would, whenever a community judgment happens to be involved, completely nullify the chapter of our code, Bal. Code, § 5312 *et seq.* (P. C. § 897), authorizing supplemental proceedings in aid of execution, which chapter expressly provides that a judgment debtor may be required to appear in court and answer concerning property which he unjustly refuses to apply towards the satisfaction of the judgment. When the rule as to the competency or incompetency of the husband and wife as witnesses was fixed by our statute, the legislature certainly did not intend any such result. Mr. Waples, in his work on Attachment, at § 950, says:

"Could she [the wife] shield herself from further examination after having denied liability in answering the statutory questions, she might thus interpose the sanctity of the marital relation to the defeat of the ends of justice. Her husband,

being already adjudged the debtor of the plaintiff, should in good conscience permit the execution of the judgment against any property or credit of his not exempt from execution. His wife, by failing to disclose any such property in her possession or credit due him from her, would not be in the position of one refusing to testify in a cause pending against her husband, but in that of one impeding the execution of a judgment already obtained."

The same rule should be applied to the husband.

The supreme court of Wisconsin, in the matter of the *Petition of Mary J. O'Brien* for a writ of habeas corpus, 24 Wis. 547, well said:

"It is fully admitted that supplementary proceedings are a substitute for a creditor's bill under the old practice. And, as we understand the former practice, where the property of the judgment debtor, against whom an execution had been returned unsatisfied, was in the actual possession and control of the wife, under circumstances that rendered it impossible to reach and obtain possession of it by a creditor's bill against the husband alone, a bill *might be filed against the husband and wife jointly*, so as to obtain a decree which would reach the property in her hands, and compel her to deliver it up for the satisfaction of her husband's debts."

See, also, *Clairmont Bank v. Clarke*, 46 N. H. 134.

In *Frankenthal v. Solomonson, supra*, this court cited with approval the case of *Thompson v. Silvers*, 59 Iowa 670, 13 N. W. 854, in which the supreme court of Iowa said:

"We come then to consider whether the garnishee was exempt from answering because her answers, if they had disclosed an indebtedness to her husband, or property in her hands belonging to her husband, would have been testimony against him. It would not be contended, of course, if her answers had been unfavorable to the plaintiff [the judgment creditor], that they would have been testimony against her husband. The objection must be deemed to be predicated upon the theory that her answers might have been favorable to the plaintiff, and such as would have justified the court in charging her as garnishee. We have then to determine whether such a result would have been against the execution debtor's interest. To hold that it would, would be to hold

that it is his interest to be allowed to conceal his property and thereby evade the payment of his just debts. Now the law, we think, does not recognize that such is his interest. The debtor ought to use all his property which is not exempt, in the payment of his debts, and the law cannot recognize that to be his interest which is not right."

The answers made by the appellant Perry E. Platter upon his examination did not disclose any privileged communication between himself and his wife. He did not testify to any information or knowledge obtained by him from or through her. On the contrary, he only stated upon such examination that he had in his possession a large sum of money which he had obtained from the sale of certain wheat, made by him, and which money he had withdrawn from bank for the purpose of concealing it and thereby avoiding the payment of an honest debt. Justice and fair dealing require that community debts shall be paid with community property or funds not exempt from execution. It was to the interest of the appellant Morva O. Platter that this should be done. Appellants seek too broad a construction of the statute. Appellant Perry E. Platter was not examined as a witness against his wife's interest, in contemplation of the statute, which must if possible be so construed as to promote justice and fair dealing, instead of being made an instrument for the promotion of dishonesty, injustice, and fraud.

Some question has been raised as to the form in which the final order was entered. The appellant was ordered to make payment to the clerk instead of the sheriff. As the property disclosed was money, we fail to see that any prejudicial error was committed by ordering its payment to the clerk, or that the appellants have been thereby injured.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and FULLERTON, JJ., concur.

CHADWICK, GOSE, MORRIS, and PARKER, JJ., took no part.