[No. 11117. Department One. June 10, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLIE HARRIS, *Appellant*.[1]

HOMICIDE—DEFENSES—INSANITY—BURDEN OF PROOF. In a prosecution for murder, it is proper to instruct that the burden of proving insanity as a defense is upon the defendant to establish by the preponderance of the evidence, failing which the presumption of sanity must prevail and the defendant found guilty.

CRIMINAL LAW—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE. An instruction upon the preponderance of the evidence, to establish insanity, that if the jury are unable to say that they conscientiously believe the defendant was insane, the defendant has failed to establish the defense, and that the jury must find the truth, is erroneous in requiring that the defense be established beyond a reasonable doubt, or by more than the weight of the evidence.

CRIMINAL LAW—EVIDENCE OF CONFESSION—ADMISSIBILITY OF ORAL CONFESSION. Where a confession was written down in longhand in the presence of the defendant and read over to him and its truth acknowledged by parol, it is admissible in evidence the same as if signed by him.

CRIMINAL LAW—TRIAL—ARGUMENT. A confession properly admitted in evidence may be read to the jury in the closing argument of counsel.

CRIMINAL LAW—TRIAL—RIGHT TO OPEN AND CLOSE—DEFENSE OF INSANITY. Where the defense is insanity, the state has the right to open and close, since the main issue is his guilt or innocence, although the defendant has the burden of overcoming the presumption of sanity.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 2, 1912, upon a trial and conviction of murder. Reversed.

*Marion A. Butler* and *Robert H. Lindsay*, for appellant.

*John F. Murphy* and *Reah M. Whitehead*, for respondent.

MOUNT, J.—The defendant was convicted of the crime of murder in the first degree, and was sentenced to confinement

[1]Reported in 132 Pac. 735.

in the penitentiary for his natural life. He has appealed from that judgment.

The cause was tried to the court and a jury. After the evidence of the state was submitted to the jury, no defense was attempted by the defendant as to the killing of James Hammond, as alleged in the information. Counsel for the defendant, at the close of the state's evidence, admitted the killing, but stated it was done without malice or premeditation; that the killing was done by the defendant when he was mentally irresponsible; that it was otherwise without justification or excuse. In other words, the sole defense to the charge was, that the defendant was insane at the time the homicide was committed.

A number of errors are assigned which are argued under several points, which we shall notice in the order they are presented in the brief.

I. The court instructed the jury to the effect that the burden of proving insanity as a defense to a crime is upon the defendant to establish by a preponderance of the evidence; that, unless insanity is established by a fair preponderance of the evidence, the presumption of sanity must prevail and the defendant must be found guilty. Counsel for appellant concede that this instruction is in harmony with the rule announced in *State v. Clark*, 34 Wash. 485, 76 Pac. 98, 101 Am. St. 1006, but insist that this rule is not in harmony with the great weight of authority upon the subject, and for this reason, that we should reexamine the question and overrule that case. In that case we examined the question with much care, collected the leading authorities relating thereto, and concluded that the rule stated by the trial court was the proper one to be followed. We have since that time followed the rule in *State v. Craig*, 52 Wash. 66, 100 Pac. 167, and we decline to overrule that case.

In his instructions, the trial court instructed the jury as follows:

"It is admitted 'that the defendant in this case killed Hammond very much as testified to by the witnesses on behalf of the state,' but it is claimed that at the time of said killing 'he was without mental responsibility.' Hence, you must find him guilty as charged, or you must acquit him because of insanity or mental irresponsibility at the time of killing. And in case you acquit him upon such ground, then you must return special verdicts finding—

"(1) Whether you acquit him because of insanity or mental irresponsibility.

"(2) Whether the insanity or mental irresponsibility continues and exists at the present time.

"(3) Whether, if such condition of insanity or mental irresponsibility does not exist at the present time, there is such likelihood of a relapse or recurrence of the insane or mentally irresponsible condition that the defendant is not a safe person to be at large."

The court then instructed the jury upon the question of mental responsibility of the defendant at the time of the killing, and also that the law presumed the defendant sane until the contrary is shown, and that the burden of proving insanity is upon the defendant, to be established by a preponderance of the evidence. The court defined preponderance of the evidence as follows:

"Now, the words 'preponderance of evidence' do not necessarily mean that there shall be a greater number of witnesses on one side of an issue than on the other, but it means the greater weight of the credible evidence. It means that evidence which strikes your minds as having more convincing force than the evidence to which it is opposed. A sure test as to where the weight of testimony in this case lies is this:

"What do you believe the truth to be? What is, from the evidence in this case, probably the truth? Do you believe from this evidence the defendant to have been insane or mentally irresponsible at the time he fired the shot? If so, then such fact is established by a preponderance of the evidence. Or, are you unable from the evidence to determine whether that is the truth or not? If you are unable from this evidence to say that you conscientiously believe the de-

fendant was insane, then defendant has failed to establish such defense by a preponderance of the evidence. Merely to say 'he might have been insane' or 'I don't know whether he was insane or not' is not enough. The defendant must go further and establish a greater conviction in your mind than such an uncertainty. Before you can acquit on the ground of insanity, you must be able to say from the evidence upon your oaths and your consciences, not that you are unable to determine, but that you have determined and really believe the defendant was incapable of distinguishing between right and wrong—incapable of exercising the power of will to shoot or not to shoot at the time he fired the shot. If the evidence on this point is equally balanced or is of such a character that you are unable to say and feel that you conscientiously believe this to be his condition, then that fact has not been established by a preponderance of the evidence and you cannot acquit."

The court thereupon instructed the jury with reference to expert testimony and with reference to the effect of the defendant not taking the stand in his own behalf; and the weight to be given to the evidence of certain witnesses; and then said:

"In conclusion let me remind you that you have taken an oath that you will well and truly try this case and 'true deliverance make' as between the state and the prisoner at the bar. This defendant was of sane mind or he was mentally irresponsible when he fired this shot and of this fact you must on your oaths 'true deliverance make'—your verdict must be the truth. You do not fix the punishment which must follow a conviction. The fact that punishment may follow cannot be considered by you except in so far as it may tend to make you careful. You are not responsible for what may follow, but you are responsible if your verdict does not speak the truth. You must not be moved by sympathy nor influenced by prejudice. Neither of such emotions has anything to do with your deliberations. If this defendant knew right from wrong at the time he shot, no amount of sympathy would make him innocent; if he did not so know, no amount of prejudice would make him guilty. Therefore, unmoved by any emotions of sympathy, uninfluenced by any feelings of prejudice, untrammeled by any anxiety as to pun-

ishment, you must, as honest men and women, examine all the evidence in this case and a 'true deliverance make.' "

Counsel for the appellant insist that these instructions, in so far as they attempt to define a preponderance of the evidence, are erroneous. It will be noticed that the court in defining a preponderance of the evidence, in substance says: That if the jury are unable from the evidence to determine whether that is the truth or not, if you are unable from the evidence to say that you conscientiously believe the defendant was insane, then the defendant has failed to establish such defense by a preponderance of the evidence. The defendant must go further and establish a greater conviction in your mind than such an uncertainty. If the evidence on this point is equally balanced and is of such a character that you are unable to say and feel that you conscientiously believe this to be his condition, then that fact has not been established by a preponderance of the evidence and you cannot acquit. "*Your verdict must be the truth.*" It is apparent, we think, that the substance of these instructions is to tell the jury that they must find the truth, that is, that the defendant was insane beyond a doubt, because to find that the defendant was certainly insane, or to say and feel that the jury conscientiously believed that he was insane, is to find that fact beyond a doubt. A preponderance of the evidence does not necessarily mean beyond a doubt or even beyond a reasonable doubt. The jury might well have concluded that the weight of the evidence showed that the defendant was insane, and still not have been convinced beyond a doubt that he was insane. The term preponderance of the evidence merely means the greater weight of the evidence. 14 Ency. Evidence, p. 84.

To require the defendant to establish his insanity by the greater weight of the evidence is all that is necessary. He is not required to prove that he was insane beyond a reasonable doubt or beyond a doubt, as the court in substance tells the

jury they must find.  We think these instructions upon this point were erroneous.

II.  It appears that on the day following the killing the defendant made a confession to a deputy in the prosecuting attorney's office.  This confession was written down in longhand in the presence of defendant and several other persons, and was read over to the defendant, who then stated that the memorandum was accurate.  This memorandum was received in evidence over the objection of counsel for the defendant and it is insisted that this was erroneous.  There is no merit in this contention, because, when the confession was taken down in writing and its truth acknowledged by parol, then it became the defendant's statement and might be received in evidence the same as if written or signed by him. *State v. Haworth*, 24 Utah 398, 68 Pac. 155; *Klepsch v. Donald*, 8 Wash. 162, 35 Pac. 621.

III.  It is next argued that it was error to permit the prosecuting attorney to read this confession in his closing argument to the jury.  The confession was properly in evidence and either side was therefore at liberty to read it to the jury.  The jury were entitled to know what the confession was. *State v. Costello*, 29 Wash. 366, 69 Pac. 1099; *State v. Churchill*, 52 Wash. 210, 100 Pac. 309.

IV.  Lastly, it is argued by the appellant that the court erred in permitting the prosecuting attorney to open and close the argument to the jury, for the reason that the burden of proving the insanity of the defendant was upon the defendant himself.  We think, however, that the main issue was upon the guilt or innocence of the defendant.  The presumption was that the defendant was sane.  That presumption must be overcome by proof of insanity.  The burden of proof upon the particular issue of insanity was upon the defendant, yet the principal burden was upon the state.  As was said in *State v. Robbins*, 109 Iowa 650, 80 N. W. 1061:

"The theory of counsel seems to be that, because the de-

fense of insanity had to be established by a preponderance of evidence, the affirmative of the whole case was with defendant. But this is not so. The burden in this, as in every other criminal trial, is upon the state to establish the commission of the offense by defendant. The plea of insanity does not amount to a confession that the act was done by defendant, and that responsibility therefor is to be avoided by proof of mental unsoundness. Such a plea does not relieve the state from the necessity of proving every fact essential to make out the crime. The burden was upon the state in the first instance, and it had the right to open and close the case."

See, also, *Bolling v. State*, 54 Ark. 588, 16 S. W. 658; *French v. State*, 93 Wis. 325, 67 N. W. 706.

For the error in the instructions above discussed, the judgment is reversed, and the case remanded for a new trial.

CROW, C. J., PARKER, CHADWICK, and GOSE, JJ., concur.