THE STATE OF WASHINGTON, *Respondent*, v. EDWARD
HERMES, *Appellant*.*

*Eugene A. Stock*, for appellant (appointed counsel for appeal).

*Robert E. Schillberg* and *Gerald R. Gates*, for respondent.

ROSELLINI, J.—The defendant was convicted on a charge of forgery in the first degree and appeals from the judgment and sentence entered on the verdict. He makes two assignments of error.

Under the first assignment, the defendant contends that the court erred in admitting, over his objection, an extrajudicial statement which he made to an investigating officer but refused to sign. He concedes that such statements are

*Reported in 426 P.2d 494.

admissible under the authority of *State v. Young,* 65 Wn.2d 938, 400 P.2d 374 (1965); *State v. Reed,* 56 Wn.2d 668, 354 P.2d 935 (1960); and *State v. Harris,* 74 Wash. 60, 132 Pac. 735 (1913). However, he maintains that his statement should have been excluded from the evidence because of two alleged inaccuracies, one being in the date of his marriage to Elizabeth Worley, a woman who participated in the alleged forgery, and the other being in the address at which he said he lived at the time. He cites no authority for the proposition that such inaccuracies will render inadmissible a statement such as his, which was freely and voluntarily given.

■ In the case of *State v. Reed, supra,* the defendant contended that his unsigned statement should not be admitted in evidence because at the trial he testified that he had not admitted the truth of the statement and had in fact told the officers that it was untrue. The officers testified that he had acknowledged the statement to be true at the time it was read to him. We held that the defendant's testimony that he had not made the statement did not render it inadmissible, but that the weight to be attached to the statement and the defendant's testimony were matters for the jury. Applying the rule set forth in that case, the alleged inaccuracies in the statement of the defendant in the case before us did not negate the value of the entire statement but were matters for the jury to consider in deciding what weight to attach to the exhibit.

In his second assignment of error, the defendant complains that his former wife, Elizabeth Worley Hermes, was permitted to testify concerning matters which were privileged under the provisions of RCW 5.60.060(1), which reads:

A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during marriage.

The defendant concedes that, inasmuch as the parties were divorced before the trial, his former wife was competent to testify at his trial. However, he contends that she should not have been allowed to refute statements which he had made in writing and had given to the FBI to the effect that she had told him that the checks which she had forged had actually come in the mail from his former employer. He also urges that she should not have been allowed to give the street address at which the two had lived at the time of the alleged forgeries.

While recognizing that the statute refers only to communications between the spouses, the defendant argues that anything which happens which would not have happened had the parties not been married is a privileged communication. Thus, since his wife would not have opened the mail had she not been his wife, she cannot testify that a certain thing did not come in the mail; and since she would not have lived at his address, as his wife, had they not been married, she cannot testify as to what that address was.

We do not agree with the defendant's interpretation of the law. The address at which married people live is not a confidential matter between them, and the fact that either party may be required to give his past or present address is hardly calculated to induce lack of confidence between husband and wife.

■■ Also, the fact that the wife did not open a letter and find the checks in it was a matter within her own knowledge, not a communication to her by her husband. As we said in *State v. Robbins*, 35 Wn.2d 389, 213 P.2d 310 (1950), facts which were not communicated to the witness by the other spouse but were within his own knowledge are not privileged. Insofar as the defendant's former wife testified concerning any act of either of the spouses, her testimony concerned her own acts and not those of the defendant. The mere fact that the jury might infer from her acts a communication with the husband does not render them inadmissible. *State v. Robbins, supra.*

In 8 Wigmore, Evidence § 2337 (McNaughton rev. 1961), it is said:

The privilege has for its object the security from apprehension of disclosure—a security in consequence of which confidences will be freely given and not withheld. The protection therefore extends only to *communications,* not to acts which are in no way communications.

As Professor Wigmore says later in the same paragraph, some acts may be communicative in nature, and therefore privileged. The fact of hiding stolen goods in the presence of the spouse might be such an act, or the writing of forged checks in the presence of the spouse might be another. But the fact that a letter was not received is not an act, or a communication, of either spouse. And if it be said that the former wife's testimony amounted to a denial that she had lied to the defendant about the origin of the forged checks, that is still not testimony concerning any act or word of his. It is simply a denial of an extrajudicial accusation made against her by her former husband. He was not privileged to have this testimony excluded.

The judgment is affirmed.

FINLEY, C. J., HILL and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.