[No. 11428–0–I.   Division One.   February 28, 1983.]

SEVENTH ELECT CHURCH IN ISRAEL, ET AL, *Respondents,*
v. GERALD L. ROGERS, ET AL, *Defendants,*
PRISCILLA A. ROGERS, *Appellant.*

*Betts, Patterson & Mines, P.S., Jeffrey Grant,* and *William Fite* (*Grant & Kosnett* and *James V. Kosnett,* of counsel), for appellant.

*Freese & Freese, Inc., Ralph I. Freese, Murphy & McGowan,* and *Richard J. Moore,* for respondents.

CALLOW, J.—This is one of three appeals arising out of examinations conducted in supplemental proceedings initiated by the Seventh Elect Church in Israel, et al, against Gerald L. Rogers and his marital community. Priscilla A. Rogers, Gerald Rogers' wife, appeals from an order of the Superior Court which adjudged her in contempt and incarcerated her for her refusal, based on the assertion of the marital privilege, to be sworn and answer questions in proceedings supplemental to a judgment.

Two issues are presented:

1. Whether the marital privilege encompassed in RCW 5.60.060(1) can be asserted by a judgment debtor to prevent his spouse from testifying in supplemental proceedings where the judgment sought to be executed is against the judgment debtor and his marital community;

2. Whether the marital privilege statute, RCW 5.60-.060(1), can be asserted by a judgment debtor in proceedings supplemental to a judgment to preclude his spouse from testifying where the judgment debtor has asserted the privilege against self–incrimination.

In January of 1981, the Seventh Elect Church in Israel, Arne Skogseth, and Ambrose Schwader (hereinafter referred to as the Church), recovered a judgment against Gerald L. Rogers and the marital community composed of Gerald L. Rogers and Priscilla A. Rogers, jointly and severally. Thereafter, the Church initiated supplemental proceedings pursuant to RCW 6.32.010[1] seeking to satisfy the judgment. Among those ordered to appear for examination were Gerald Rogers, Priscilla Rogers, and Gina Rogers. All

---

[1]RCW 6.32.010 states in part:

"At any time within ten years after entry of a judgment for the sum of twenty–five dollars or over upon application by the judgment creditor, such court or judge may, by an order, require the judgment debtor to appear at a specified time and place before the judge granting the order, or a referee appointed by him, to answer concerning the same . . ."

three have brought separate appeals alleging errors in the supplemental proceedings.

On March 2, 1982, prior to Priscilla Rogers being sworn as a witness, Gerald Rogers, her husband, asserted the marital privilege under RCW 5.60.060(1). After argument of counsel, the trial court determined that the marital privilege in RCW 5.60.060 could not be asserted to preclude his wife from being sworn and examined. Nonetheless, the court noted that such inquiry must be limited because of the Fifth Amendment claim of her husband and "the wife may in fact be asked to violate the privileged communications by revealing matters which could potentially expose him to further criminal proceedings."

The trial court then indicated that Priscilla Rogers could be called as a witness. Priscilla Rogers again, on advice of counsel, refused to be sworn and the Church moved for an order of contempt. The trial court found Priscilla Rogers in contempt and ordered her incarcerated until such time as she agreed to be sworn as a witness and to answer questions as directed by the court. The order was stayed, pending this appeal.

The first issue is whether the marital privilege encompassed in RCW 5.60.060(1) can be asserted by a judgment debtor to preclude his spouse from testifying in supplemental proceedings where the judgment sought to be executed is against the judgment debtor and his marital community.

RCW 5.60.060(1) provides, in part:

A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during marriage.

The statute encompasses two privileges. The first part covers testimony as to factual matters known to the spouse regardless of how the spouse received the information. The second part sets out a separate and distinct priv-

ilege relating to confidential communications, during or after the marital relationship, made by one spouse to the other during marriage. *State v. Thompson,* 88 Wn.2d 518, 522, 564 P.2d 315 (1977); *State v. Thorne,* 43 Wn.2d 47, 55, 260 P.2d 331 (1953).

However, the applicability of RCW 5.60.060 in connection with supplemental proceedings has been limited. In *Belknap v. Platter,* 54 Wash. 1, 103 P. 432 (1909), supplemental proceedings were initiated against the marital community of a husband and wife against whom the plaintiff had recovered a judgment. The court held the marital privilege inapplicable since such a construction would completely nullify the statute authorizing supplemental proceedings in aid of execution, which statute "expressly provides that a judgment debtor may be required to appear in court and answer concerning property which he unjustly refuses to apply towards the satisfaction of the judgment." *Belknap,* at 4; *cf. Frankenthal v. Solomonson,* 20 Wash. 460, 55 P. 754 (1899) (holding that a husband, the judgment debtor, could not assert the marital privilege in a supplemental proceeding initiated solely against his wife to discover if she had property belonging to him in her possession).

The rationale behind this interpretation is that a spouse, in failing to disclose any such property or credit due from the judgment debtor spouse, "would not be in the position of one refusing to testify in a cause pending against her husband, but in that of one impeding the execution of a judgment already obtained.'" *Belknap,* at 5 (quoting R. Waples, *Attachment and Garnishment* § 950 (2d ed. 1895)). In other words, where the spouse testifies about assets of the other spouse, the spouse is not testifying against the other, but is only informing the judgment creditor as to the location and identity of assets. Moreover, a judgment debtor does not have a valid interest in concealing his property and evading the payment of his just debts. Rather, the debtor should be required to use all nonexempt property in the payment of his debts. *Belknap,* at 6.

Here, the judgment which the Church is seeking to satisfy is against Gerald L. Rogers and the marital community of Gerald L. Rogers and Priscilla A. Rogers, jointly and severally. Since this was a judgment against the community property of Gerald and Priscilla Rogers, Priscilla Rogers was a necessary party to proceedings supplemental to the judgment and the marital privilege was not applicable. *Belknap*, at 4.

> He [the judgment debtor] has thus obtained a community judgment, and if the wife is now entitled to object to an examination of her husband, in proceedings supplemental to the execution, instituted to subject the community property to the payment of such judgment, there is no good reason why the husband might not successfully object to her examination in the same proceedings. Neither party could then, upon such an examination, be required to disclose property fraudulently concealed by him or her. . . . When the rule as to the competency or incompetency of the husband and wife as witnesses was fixed by our statute, the legislature certainly did not intend any such result.

*Belknap*, at 4.

The second issue is whether the marital privilege statute, RCW 5.60.060(1), can be asserted by a judgment debtor in proceedings supplemental to a judgment to preclude his spouse from testifying where the judgment debtor has asserted the privilege against self–incrimination.

Notwithstanding *Belknap* and *Frankenthal,* Rogers further urges that the claim of the marital privilege becomes even stronger where, as here, the judgment–debtor spouse has asserted his privilege against self–incrimination. She argues that where potential criminal liability is at stake, the marital privilege must assume the same status as the privilege against self–incrimination. We disagree. The assertion of the Fifth Amendment privilege by Gerald Rogers, Priscilla Rogers' husband, may not be used to buttress her assertion of the marital privilege. Fifth Amendment immunity is a *personal* right of the witness and cannot be claimed by third parties. *Rogers v. United*

*States,* 340 U.S. 367, 95 L. Ed. 344, 71 S. Ct. 438, 19 A.L.R.2d 378 (1951); *United States v. Murdock,* 284 U.S. 141, 76 L. Ed. 210, 52 S. Ct. 63, 82 A.L.R. 1376 (1931); *State v. Parker,* 79 Wn.2d 326, 332, 485 P.2d 60 (1971). Priscilla Rogers cannot claim the Fifth Amendment on behalf of anyone but herself.

Priscilla Rogers may not refuse, on the basis of the marital privilege, to testify regarding community assets. This does not mean that she must testify as to confidential communications made during marriage. *Belknap* held that although a judgment debtor may not assert the marital privilege to preclude his or her spouse from testifying in proceedings supplemental to a community debt, confidential communications between spouses may continue to be excluded. Thus, Priscilla Rogers must be sworn and answer all relevant questions within her personal knowledge which are not confidential communications, *State v. Hermes,* 71 Wn.2d 56, 58, 426 P.2d 494 (1967), unless she can establish a clear danger of self–incrimination as to herself with respect to each question.

The judgment is affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied March 29, 1983.

Review denied by Supreme Court June 3, 1983.