[No. 34549.   Department One.   January 8, 1959.]

THE ABBOTT CORPORATION LIMITED, *Appellant*, v. CARL WARREN *et al., Respondents.*[1]

*Reseburg, Ingman, Duncan & Therriault,* for appellant.

*Gerald D. Hile* and *Alvin J. Ziontz,* for respondents.

[1]Reported in 333 P. (2d) 932.

HUNTER, J.—In November, 1953, A. J. Abbott entered into a joint venture with the defendants Carl Warren and John Randono for the purpose of buying surplus government property in the Hawaiian Islands to be sold by the defendants in Seattle, Washington and Oakland, California. Thereafter, Abbott assigned his interest in the venture to the plaintiff, the Abbott Corporation Limited.

December 31, 1956, plaintiff filed this action for dissolution and an accounting of this joint venture.

Plaintiff alleged that in January, 1954, it offered to sell its interest to the defendants for the sum of thirty thousand dollars, with ten thousand dollars as a down payment, and the balance to be paid in equal monthly installments; that the offer was not accepted but the defendants paid the sum of twenty-three thousand five hundred dollars during that year on account of plaintiff's interest in the joint venture. No further payments were made and the plaintiff sought an accounting and, in addition, was later permitted to amend its complaint asking for a dissolution. Defendants answered by affirmative defense and cross-complaint, alleging that the agreement to terminate the joint venture was accepted; that the sum of twenty-three thousand five hundred dollars was paid to the plaintiff under the agreement and that the plaintiff had converted eight thousand dollars worth of property in Hawaii belonging to the defendants. Therefore, defendants prayed for judgment in the sum of fifteen hundred dollars which they contended represented the amount over and above the sum owing to the plaintiff under the termination agreement. (Defendants' theory: twenty-three thousand five hundred dollars paid to plaintiff, plus eight thousand dollars, the reasonable market value of the goods converted by plaintiff, equals thirty-one thousand five hundred dollars. Since the plaintiff was only entitled to thirty thousand dollars under the agreement, it owed defendants the sum of fifteen hundred dollars.)

At the conclusion of the trial, the court entered findings of fact which included the following:

"II. That the parties hereto had been engaged in a joint venture for the purchase and sale of surplus property until about the 30th day of November, 1954.

"III. That during the month of December, 1954, the plaintiff and the defendants entered into an agreement for the dissolution of the joint venture; that by the terms of said agreement the plaintiff agreed to sell all of its interests in the joint venture for the sum of $30,000.00 (Thirty thousand dollars), and the defendants agreed to pay therefor the sum of $30,000.00 (Thirty thousand dollars).

"IV. That the additional defendant, A. J. Abbott, and the Abbott Corporation remain in possession of a portion of the materials which, by the terms of the dissolution agreement, were the property of the defendants. That the defendants have failed to produce evidence and carry the burden of proof that the retention of such materials amounted to a conversion of the materials by the additional defendant or the Abbott Corp.".

From these findings, the court concluded that the plaintiff's complaint and defendants' cross-complaint should be dismissed without prejudice and said:

"IV. That the court should make no ruling concerning any amount owing to the plaintiff on account of the sale of its interest in the joint venture, nor should the court make any ruling concerning an offset of the defendants for merchandise retained by the plaintiff and additional defendant."

Judgment was entered accordingly. The plaintiff alone has appealed.

The appellant contends the so-called dissolution agreement was in substitution of the respondents' obligation to account to the appellant for monies due from the operation of the joint venture; that this was an accord without a satisfaction, in that, the thirty thousand dollars was not paid; that it is therefore entitled to recovery under the original obligation of the respondents to account, citing *Buob v. Feenaughty Machinery Co.*, 191 Wash. 477, 71 P. (2d) 559 (1937). The appellant is correct in its statement of the law but the facts to which it seeks to apply the rule are not supported by the evidence.

Appellant has not assigned error to any of the

trial court's findings of fact and therefore, by applying the oft-quoted rule, these become the established facts of the case. *Hector v. Martin,* 51 Wn. (2d) 707, 321 P. (2d) 555 (1958).

■ The agreement entered into between the parties in December, 1954, was a dissolution of the joint venture by a simple contract for the sale of appellant's interest therein for the sum of thirty thousand dollars. The findings of fact of the trial court are consistent with the views expressed by the court in its memorandum decision and they will, therefore, be read in the light of the views expressed in that decision. *Browning v. Browning,* 46 Wn. (2d) 538, 283 P. (2d) 125 (1955).

See, also, *Gheen v. Construction Equipment Co.,* 49 Wn. (2d) 140, 298 P. (2d) 852 (1956).

In the memorandum decision, the court stated:

". . . I think that reading it along with all the other correspondence and the oral evidence bears out the fact that the agreement was concluded and wound up in December, that the parties were bound by it in December.

"Also in this unsigned memorandum of January 19 Mr. Abbott says, 'In consideration of our mutual agreement Diesel Parts Company will purchase our interest in the joint venture'—that is, all the stuff in the warehouse and everything else—'for the total sum of $30,000.00.' No question about it at all. . . ."

The testimony is clear that the sum of twenty-three thousand five hundred dollars was paid under the sales agreement. We quote further from the memorandum decision:

". . . And to clinch the whole proposition we have these checks, Exhibit 12 [$23,500.00]. There is no question in the Court's mind but what these checks were sent as payment of the agreement which was completed, accepted and entered into in December, 1954, by the parties; and that they were payment on that only because attached to each check is a memorandum which refers to it. The checks were received, were accepted. Mr. Abbott knew that they were being paid on the agreement. He accepted them on the agreement.

"The joint venture was dissolved. There is no joint venture now to dissolve. There is no accounting to be had. And, naturally, the Court must hold that."

■ The record supports the findings of the trial court when viewed and understood in the light of the court's memorandum decision.

■ Having sold its interest in the joint venture to the repondents, the appellant is now limited in its recovery to the enforcement of payment of any balance that may be due under the sales agreement of December, 1954. However, the appellant sought only an accounting and dissolution of the joint venture and did not seek any recovery under this alternative theory. The trial court, at the conclusion of the trial, was therefore correct in the dismissal of the appellant's complaint under the then state of the record. Appellant now wishes to amend its pleadings to conform with the proof to permit the consideration of this alternative theory by invoking Rule of Pleading, Practice and Procedure 6 (9), 34A Wn. (2d) 71, which reads as follows:

"At any time after trial, whether before or after judgment, the trial or *appellate court* may allow or make any amendment necessary to make a pleading conform to the proof, so far as may be just." (Italics ours.)

■ The proof has clearly raised the issue of an unpaid balance of sixty-five hundred dollars due the appellant from the sale of its interest in the joint venture. It is desirable that litigation be terminated in one action to avoid a multiplicity of suits. The granting of the trial amendment would avoid the necessity of the commencement of another action to determine this issue. The motion will therefore be granted and the cause remanded for the taking of further testimony on the question of the balance due the appellant under the sales agreement. The respondents likewise will be allowed to introduce any testimony relative to the value of the goods allegedly converted by the appellant and for which respondents may claim an offset against any amount owing appellant under the agreement.

Appellant's remaining assignments of error need not be considered in view of our disposition of this case.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.