# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DALE WILLIAMS,

        Appellant,

        v.

WEST COAST AUTOWORKS, INC., a
Washington corporation; MATTHEW
KALMUS and JANE DOE KALMUS, and
the marital community composed thereof;
MARVIN CERDA ROEHRICK and JANE
DOE ROEHRICK, and the marital
community composed thereof; and
WESTERN SURETY COMPANY, a
foreign corporation,

        Respondents.

No. 85584-1-I

DIVISION ONE

UNPUBLISHED OPINION

FELDMAN, J. — Dale Williams appeals the trial court's dismissal on summary judgment of his claims under the automobile dealers practices act (ADPA), chapter 46.70 RCW,[1] and Consumer Protection Act (CPA), chapter 19.86 RCW, against West Coast Autoworks, Inc. (WCA) and its president, Matthew Kalmus, relating to Williams' attempted purchase of a 1995 Dodge Viper, as well as the trial court's denial of his request to reopen his case-in-chief at trial. We affirm.

---

[1] The statute does not contain an official title. Our Supreme Court refers to it as the automobile dealers practices act. *See Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 315, 472 P.3d 990 (2020).

**I**

In October 2019, Williams attempted to purchase the Viper from WCA after seeing it listed for sale in an online advertisement. WCA's managers refused to sell the Viper to Williams because he attempted to purchase it using an out-of-state business check, which WCA does not accept, and was unable to secure financing. Thereafter, Williams spoke with a WCA sales associate, Marvin Roehrick, who falsely represented himself as a manager of WCA, agreed to accept a business check from Williams as payment for the Viper, and told Williams he could take possession of the vehicle after a "mechanical problem with the convertible top" was repaired. Williams then wrote Roehrick a check for $34,180 made payable to Roehrick personally. The Viper was never delivered to Williams, and WCA's managers—who were unaware of Roehrick's transaction with Williams—later sold the Viper to another person. Williams did not receive a refund of the purchase price.

On December 6, 2021, Williams sued WCA, Kalmus, and Roehrick for, among other claims, violations of the ADPA and CPA, negligence, and conversion. Williams obtained a default judgment against Roehrick after he failed to appear and answer Williams' complaint. WCA and Kalmus then filed a motion for summary judgment seeking dismissal of Williams' claims. The trial court granted the motion in part and dismissed the ADPA and CPA claims against WCA and Kalmus, and the negligence and conversion claims then proceeded to a bench trial. On the last day of trial, Roehrick appeared in the courtroom to the surprise of both parties. Williams requested permission from the court to reopen his case-

in-chief to call Roehrick as a witness, but the court denied his request. During his closing argument, Williams dismissed his conversion claims such that only the negligence claims proceeded to judgment. Following the trial, the court concluded the "negligence claim fails" and entered final judgment accordingly. Williams appeals.

## II

### A.      Summary judgment dismissal of CPA claims

Williams argues the trial court erred in dismissing on summary judgment his CPA claims against WCA and Kalmus.[2] We disagree, both on waiver grounds and on the merits.

Our Rules of Appellate Procedure provide, "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. The purpose of this limitation is to "effectuate the rule that the appellate court engages in the same inquiry as the trial court." *Wash. Fed'n of State Emps., Council 28, AFL-CIO v. Office of Fin. Mgmt.*, 121 Wn.2d 152, 157, 849 P.2d 1201 (1993). Washington appellate courts routinely invoke RAP 9.12 to conclude that a party has waived an argument on appeal that it did not bring to the trial court's attention on summary judgment. *See, e.g., Vernon v. Aacres Allvest, LLC*, 183 Wn. App. 422, 436, 333 P.3d 534 (2014) ("[B]ecause [appellant] did not bring this issue to

---

[2] In his opening brief, Williams listed several assignments of error relating to the trial court's dismissal of his ADPA claims. However, at oral argument, Williams conceded that his ADPA claims were properly dismissed because he did not timely assert them within the ADPA's statute of limitations. Wash. Ct. of Appeals oral argument, *Williams v. West Coast Autoworks, et al.*, No. 85372-4-I (Sept. 17, 2024), at 18 min., 23 sec. to 18 min., 50 sec. (on file with court).

the superior court's attention, we will not now consider it on appeal."); *Milligan v. Thompson*, 110 Wn. App. 628, 633, 42 P.3d 418 (2002); *1519-1525 Lakeview Blvd. Condo. Ass'n v. Apt. Sales Corp.*, 101 Wn. App. 923, 932, 6 P.3d 74 (2000).

The trial court's summary judgment ruling here dismissed Williams' claims against WCA and Kalmus under both the ADPA and CPA. The ADPA generally regulates the distribution and sale of vehicles to "prevent frauds, impositions, and other abuses" upon Washington citizens. RCW 46.70.005. The CPA, in turn, makes it unlawful to engage in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To prevail on a CPA claim, a plaintiff must establish five elements: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to [the plaintiff's] business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986)). Additionally, the first three elements may be collapsed and established where the alleged conduct violated another statute that (a) "has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce" and (b) "contains a specific legislative declaration of public interest impact." *Hangman Ridge*, 105 Wn.2d at 785-86, 791. Such conduct constitutes a per se violation of the CPA. *Id.*

In WCA and Kalmus' summary judgment motion, they argued that Williams' ADPA claims and per se CPA claims (premised on violations of the ADPA) were not timely filed within the ADPA's one-year statute of limitations. *See* RCW

46.70.190. Separate and apart from the timeliness argument, WCA and Kalmus additionally argued that Williams' CPA claims fail on the merits because WCA and Kalmus "did not themselves engage in deceptive and unfair conduct" and cannot be held liable for Roehrick's actions. Emphasizing the amorphous nature of Williams' CPA claims, WCA and Kalmus also asserted that Williams "does not specify what the deceptive and unfair acts are" that purportedly violate the CPA.

On appeal, Williams belatedly attempts to explain the factual and legal bases of his CPA claims. He argues WCA, Kalmus, and/or Roehrick falsely represented to Williams that the Viper was in "good condition" without disclosing that the vehicle was, in fact, "disabled" due to a defective convertible top. According to Williams, these misrepresentations violated a single provision of the ADPA making it unlawful for a vehicle dealer to "cause or permit to be advertised, printed, displayed, published, distributed, broadcasted, televised, or disseminated in any manner whatsoever, any statement or representation with regard to the sale, lease, or financing of a vehicle which is false, deceptive, or misleading." RCW 46.70.180(1). Williams then asserts these violations of the ADPA constitute a per se violation of the CPA and, thus, give rise to a CPA claim premised upon violations of the ADPA.

However, Williams did not raise these arguments in defense of the merits of his CPA claims before the trial court. Instead, in his brief in opposition to WCA and Kalmus' motion for summary judgment, the sole argument he advanced in support of his CPA claims is that they were timely filed within the CPA's four-year statute of limitations. See RCW 19.86.120. Notably absent from Williams' brief is

any discussion of which provision of the ADPA had been violated and how he has satisfied any of the five elements of a CPA claim. In other words, Williams waited until this appeal to explain *why* WCA's, Kalmus', and/or Roehrick's conduct constituted a per se violation of the CPA (based on violations of the APDA) or a direct violation of the CPA. Because Williams did not bring these issues to the trial court's attention at the summary judgment stage of the proceedings below, we decline to consider them on appeal.[3]

B.      **Reopening of Williams' case-in-chief**

Williams next argues the trial court committed reversible error by not allowing him to reopen his case-in-chief to call Roehrick as a witness after he unexpectedly appeared in the courtroom. Again, we disagree.

"[T]he reopening of a cause for additional evidence is within the discretion of the trial court and . . . the trial court's actions in this regard will not be reversed except upon a showing of an abuse of discretion and prejudice resulting to the complaining party*." Estes v. Hopp*, 73 Wn.2d 263, 270, 438 P.2d 205 (1968). A court abuses its discretion if its decision is manifestly unreasonable or based on

---

[3] Even if we were to consider Williams' arguments, they fail on the merits because there is no genuine issue of material fact as to whether WCA's advertising of the Viper was false, deceptive, or misleading in violation of the ADPA or unfair or deceptive in direct violation of the CPA. Despite Roehrick's assertion that the vehicle's convertible top needed to be repaired, Williams produced no evidence on summary judgment showing that the vehicle was, in fact, in need of repair at the time WCA advertised it for sale. Moreover, Williams's contention that Kalmus is vicariously liable for Roehrick's actions is unpersuasive because Williams presented no evidence showing that Kalmus was involved in or knew about the Viper transaction between Williams and Roehrick, who did not have authority to finalize any sale or financing documentation on behalf of WCA. *See State v. Arlene's Flowers, Inc.*, 193 Wn.2d 469, 535, 441 P.3d 1203 (2019) (noting person is liable for a CPA violation only if they "participate [] in the wrongful conduct, or with knowledge approve[] of the conduct.") (quoting *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 322, 553 P.2d 423 (1976)). To the contrary, the undisputed evidence shows Kalmus first learned about the transaction between Williams and Roehrick over a month after it occurred, at which point Kalmus instructed Roehrick to refund the money to Williams because "he may think [WCA] is involved in some way."

untenable grounds or reasons. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014).

Here, ample reasons support the trial court's ruling. First, Williams did not inform the court, WCA, or Kalmus before trial that he intended to call Roehrick as a witness. To the contrary, Williams' trial brief, filed the day trial began, indicated he would call four witnesses, none of whom were Roehrick. Second, allowing Williams to call Roehrick as a witness would have violated the trial court's order in limine—entered without objection from Williams—requiring the "parties to give at least twenty-four (24) hours' notice to opposing counsel for each witness expected to testify." Third, as the trial court noted,[4] allowing Roehrick to testify would have disrupted the orderly presentation of evidence. Fourth, Williams did not serve a subpoena upon Roehrick to appear and testify at trial, which prevented the trial court from compelling his testimony. On this record, there was no abuse of discretion.[5]

Relatedly, the trial court also denied Williams' post-trial motion seeking relief under CR 59 based on his contention that he "was deprived of his ability to examine Roehrick, who appeared in court on the last day of the trial." Because the trial court did not abuse its discretion in denying Williams' request during trial to call Roehrick as a witness, the court likewise did not abuse its discretion in denying

---

[4] Williams wrongly claims the trial court refused to allow Roehrick to testify "without articulating a factual or legal basis for doing so." The record belies this assertion. After hearing arguments from both parties on the issue of whether Roehrick should be allowed to testify, the trial court stated, "Decisions were made. Things weren't done. The case really has been concluded from both sides, at least the case-in-chief, and then all anticipated testimony as well as cross-examination."

[5] Moreover, even if the trial court abused its discretion in declining Williams' request, Williams has failed to show how he was prejudiced by his inability to call Roehrick as a witness. He has not explained what Roehrick would have stated had he taken the stand. Nor was Roehrick's liability at issue at trial because the trial court had already entered a default judgment against him.

Roehrick's CR 59 motion. *See Ramey v. Knorr*, 130 Wn. App. 672, 687, 124 P.3d 314 (2005) (trial court did not abuse its discretion in denying CR 59 motion where the court correctly ruled during trial on the same issue raised in the motion); *see also Gorrien v. Jamison*, 32 Wn.2d 1, 12-13, 200 P.2d 488 (1948) (denial of motion to reopen the case for additional evidence and for a new trial was not an abuse of discretion where moving party failed to produce the additional evidence (a letter) or explain its contents in the motion).[6]

## C.     Attorney fees and costs under RAP 14

Citing RAP 14.3, WCA and Kalmus request "attorney fees and expenses incurred on appeal." Because WCA and Kalmus have substantially prevailed on appeal, they are entitled to recover costs under RAP 14.2 as delineated in RAP 14.3(a). To the extent WCA and Kalmus request appellate fees on some other basis (such as RAP 18.1) in addition to the statutory attorney fees provided under RAP 14.3, we deny the request. *See Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wn. App. 352, 363 n.12, 110 P.3d 1145 (2005) ("The party requesting fees on appeal is required by RAP 18.1(b) to argue the issue and

---

[6] Williams also assigns error to several other rulings by the trial court that occurred at or following the trial on his negligence claims. These assigned errors include the trial court (1) "failing to admit into evidence the certified criminal record of the Defendant Marvin Roehrick," (2) "finding as a matter of law that Marvin Roehrick was not liable to [Williams], because (among other things) he 'was clearly dealing with [Williams] outside the scope of his employment,'" (3) "finding no liability in Mathew [sic] Kalmus as a matter of law," (4) "faulting [Williams] for suffering his own damages, because the trial court employed a 'buyer beware' analysis," and (5) "treating [Williams] dealings with [WCA, Kalmus, and Roehrick] as a commercial transaction, rather than a consumer transaction." We decline to address these assignments of error because Williams' appellate briefs do not provide any supporting argument together with citation to authority and the record as required by RAP 10.3(a)(6). *See Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

provide citation to authority in order to advise the court as to the appropriate grounds for an award of attorneys' fees and costs.").

Affirmed.

_Feldman, J._

WE CONCUR:

_Bowman, J_        _Hazelrigg, A.C.J_